UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x    Civil Action No.: 1-19-CV-05609
PINKNEWS MEDIA GROUP LTD.                            :
                                                     :
                Plaintiff,                     :
                                                     :
   - against -                                      :    **DECLARATION OF**
                                                     :    **ADAM LEVIN**
HERE PUBLISHING INC. d/b/a PRIDE                     :
MEDIA, OREVA CAPITAL CORP.,                          :
ADAM LEVIN, and DOES 1-50                            :
                                                     :
                Defendants.                    :
-------------------------------------------------------------------x

      ADAM LEVIN, pursuant to 28 U.S.C. § 1746, hereby declares as follows::

1.   I am an individual defendant, the Chairman of Here Publishing Inc. d/b/a Pride Media ("HERE") and the Managing Director of Oreva Capital Corp. ("Oreva"), and as such, I have personal knowledge of the facts sworn to herein:

2.   Attached herein as **Exhibit A** is a copy of Plaintiff's complaint, with SubExhibits A to R.

3.   I first learned about this action sometime in late March or early April of 2020. The Defendants didn't appear and defend in this action sooner as a result of the chaos brought about from the COVID-19 pandemic. Defendants Oreva and HERE have been working remotely for most of the last three months as a result of a shutdown order issued by the Governor of California (HERE is headquartered in Los Angeles, CA) and the authorities in Puerto Rico (Oreva is headquartered in Puerto Rico, and I live in Puerto Rico). Upon learning of the lawsuit in late March/early April of this year, I asked staff of HERE to handle the matter, and I understood they would be reaching out to Michael J. Kapin, Esq., who is HERE's litigation counsel. I learned on or about June 1, 2020, that, due to a communication error between staff, that the matter was never forwarded to Mr. Kapin to handle. Later that day, Betsy Skidmore, HERE's controller, forwarded

1

the matter to Mr. Kapin.  Mr. Kapin has since promptly set about filing this cross-motion to vacate Defendants' alleged default in answering this case.

4. To my knowledge neither myself, nor HERE, nor Oreva was ever served with the Complaint.

5. Oreva is an advisor to HERE.  Oreva is not a shareholder of HERE. Oreva is not the parent company of HERE.

### Defendants Were Not Properly Served

6. According to the proofs of service filed by the Plaintiff in Exhibit B to Plaintiff's Order to Show Cause for Default, Plaintiff purportedly served the Defendants with the Complaint as follows:

   a. Service on Here Publishing Inc. d/b/a Pride Media on June 25, 2019, by serving "HYDE N., ASSISTANT. Caucasian, Female, Age: 53, Hair: Blond, Eyes: Brown, 5'2", 145."

   b. Service on Oreva Capital Corp. on June 25, 2019, by serving "HYDE N., ASSISTANT. Caucasian, Female, Age: 53, Hair: Blond, Eyes: Brown, 5'2", 145."

   c. Service on Adam Levin on July 1, 2019, by serving "HYDE N., ASSISTANT. Caucasian, Female, Age: 53, Hair: Blond, Eyes: Brown, 5'2", 145."

7. I have investigated this matter by looking at applicable payroll records for HERE and Oreva and inquiring with staff at HERE and Oreva.  I can state that, at least in the last five years, there have been no employee(s) with a first name or last name of "Hyde," whether male or female, whatsoever.

**Meritorious Defense to the Action**

8. Attached herein as **Exhibit B** is Defendants' proposed Answer to the Complaint. I have reviewed Exhibit B and can confirm it is true to the best of my knowledge and belief.

9. On or about May 17, 2018, HERE and PinkNews entered into Advertising Services Agreement (the "Contract"). See Exhibit A, *Complaint*, SubExhibit A, *Contract*.

10. According to Plaintiff, PinkNews "is an international LGBT+ (lesbian, gay, bisexual, and transgender) media company that offers advertising sales and servicing in the United States. PinkNew is the world's most read and watched LGBT+ media." See Plaintiff's Order to Show Cause, Exhibit E, the *November 22, 2019 Affidavit of Benjamin Cohen*, ¶ 1.

11. The Contract was a one-year advertising services agreement that provided for the Plaintiff to provide advertising services to HERE in exchange for monetary payment. See Exhibit A, *Complaint* ¶ 15.

12. The Contract specifically provides, "[t]he parties hereto will each be independent contractors in the performance of their obligations under this Agreement, and nothing contained herein will be deemed to constitute either party as the agent or representative of the other party, or both parties as joint venturers or partners for any purpose."

13. In exchange for payment under the Contract, Plaintiff was obligated to maintain certain advertising "impression volume, inventory availability, and mutually-agreed upon traffic sources […]." See Exhibit A, *Complaint*, SubExhibit A, *Contract* ¶ 3(a).

14. Plaintiff's entitlement to revenue under the Contract was further contingent on it making available to HERE a "minimum of 5MM qualified impressions. According to the Contract, 'Qualified Impressions' means impressions with no less than seventy-five percent (75%) viewability according to IAB measurement standards." See Id. at ¶ 3(a)(iii).

15. HERE is in the process of investigating whether Plaintiff actually met these contractual requirements.

16. Proof of Plaintiff's compliance with paragraph 3(a)(iii) is in the possession of the Plaintiff and can be verified through discovery.

17. HERE's former CEO, Nathan Coyle, is no longer with HERE, and, as a result, HERE has had difficulty investigating whether the Plaintiff actually lived up to all of its obligations under the Contract.

18. HERE and the Plaintiff agreed to a strict limitation on liability in the Contract. Paragraph 15 provides:

> 15. <u>Limitation of Liability</u>. NEITHER PARTY WILL BE LIABLE TO THE OTHER PARTY FOR INDIRECT, INCIDENTAL, CONSEQUENTIAL, SPECIAL OR EXEMPLARY DAMAGES (EVEN IF THAT PARTY HAS BEEN ADVISED OF THE POSSIBILITY OF SUCH DAMAGES), ARISING FROM THIS AGREEMENT, INCLUDING, BUT NOT LIMITED TO, LOSS OF REVENUE OR ANTICIPATED PROFITS OR LOST BUSINESS. **EXCEPT FOR BREACHES OF CONFIDENTIALITY OR INDEMNIFICATION OBLIGATIONS HEREUNDER, NEITHER PARTY WILL BE LIABLE TO THE OTHER PARTY FOR MORE THAN THE AGGREGATE AMOUNTS PAID HEREUNDER, FOR THE CONSECUTIVE THREE (3) MONTH PERIOD IMMEDIATELY PRECEDING THE EVENT GIVING RISE TO THE CLAIM.**

See Exhibit A, Complaint, SubExhbit A, *Contract*, ¶ 15, emphasis added.

19. In the Declaration of Benjamin Cohen, dated November 22, 2019, Mr. Cohen, the Chief Executive Officer of Plaintiff has sworn that, "[t]o date, Pride Media has made just four payment in a total amount of $40,868.85." (See Plaintiff's Order to Show Cause, Exhibit E, *Declaration of Benjamin Cohen*, ¶ 6).

20. Plaintiff's counsel further attested to HERE having only ever made four payments to the Plaintiff totaling $40,868.85. (See Declaration of Christopher J. Suesing, Esq. dated November 21, 2019, ¶ 21).

21. As a result of the express limitation in the second part of paragraph 15 of the Contract, under no set of facts could Plaintiff's damages be more than the sum of all payments which it has ever received from Pride Media (i.e. $40,868.85)[1].

22. In the event Plaintiff claims that Defendants somehow waived this paragraph 15 damages limitation, I would point the Court to paragraph 19 of the Contract which provides:

> 19. <u>Miscellaneous</u>. This Agreement sets forth the entire agreement and supersedes any and all prior agreements of the parties with respect to the transactions set forth herein. If any provision of this Agreement is held to be invalid, illegal or unenforceable in any respect, that provision will be limited or eliminated to the minimum extent necessary so that this Agreement otherwise remains in full force and effect and enforceable. The parties hereto will each be independent contractors in the performance of their obligations under this Agreement, and nothing contained herein will be deemed to constitute either party as the agent or representative of the other party, or both parties as joint venturers or partners for any purpose. If either party is unable to perform any of its obligations under this Agreement, other than payment obligations, due to any cause beyond the reasonable control of such party, the affected party's performance will be extended for the period of its inability to perform due to such occurrence. **No provision of, right or privilege under this Agreement will be deemed to have been waived by any act, delay, omission or acquiescence on the part of any party, its agents or employees, but only by an instrument in writing duly executed by both parties.** No waiver by any party of any breach or default of any provision of this Agreement by the other party will be effective as to any other breach or default, whether of the same or any other provision and whether occurring prior to, concurrent with, or after the date of such waiver. This Agreement may only be modified by an instrument in writing duly executed by both parties.

Exhibit A, SubExhibit A, *Contract*, ¶ 19, Emphasis Added.

23. No written waivers or modification agreements exist which would modify, in any way, the paragraph 15 limitation on liability in the Contract.

---

[1] Plaintiff alleges it sent its "notice of breach of the Contract" to Plaintiff via email on December 19, 2018 (See Complaint Exhibit D). This notice provided for a January 18, 2019 Termination. Given the language of paragraph 15, the Plaintiff's damages must be limited to the aggregate amount of payments made in the three months prior to December 19, 2018 default notice, which would only be the aggregate of the two payments made by Here to Plaintiff from September 19, 2018 to December 19, 2018, totaling $26,924.27 (See Declaration of Christopher J. Suesing, Esq.

24.     As a sophisticated party, Plaintiff cannot claim it is exempt from this strict limitation on liability which the parties negotiated in the Contract. Moreover, paragraph 15 of the Contract is stylized in Capitalized letters signifying its importance.

25.     I am also advised that a review of Plaintiff's Complaint and the Benjamin Cohen admission proves the amount in controversy cannot exceed $75,000.00, and that this Court does not have subject matter jurisdiction over this dispute on the basis of diversity jurisdiction.

26.     Any failure to make payment by HERE to Plaintiff, to the extent any was due, was not willful and malicious.

27.     Sometime after HERE entered into the Contract with PinkNews, in late summer or early Fall of 2018, HERE learned that a company it contracted with to provide editorial services for its publications (notably McCarthy LLC) was not paying its freelancers and other vendors.

28.     As a result of the actions of McCarthy LLC, HERE had to pay unexpected sums to McCarthy's vendors and suppliers. This created a cash crunch in late 2018 for HERE and HERE has acknowledged falling behind in some of its payments to vendors and suppliers.

29.     Attached herein as **Exhibit C** is a copy of the lawsuit we filed against McCarthy LLC and other regarding their non-payment of their freelance writers and how it harmed HERE's business.

30.     HERE attempted to verify amounts actually owed to Plaintiff and work out a repayment schedule for sums legitimately due, if any.

31.     A review of some of the correspondence attached to Plaitniffs' Complaint evidences that we were uncertain about the amount actually owed to Plaintiff, if any. See Exhibit A, *Complaint*, SubExhibit C, *December 14, 2018 Email from Nathan Coyle to Benajmin Cohen* ("I

---

dated November 21, 2019, ¶ 21).

*have been laser focused on monitoring receivables/collections this week so that we are in a position to pay you the $31k per our conversation earlier this week)*"); See also, Exhibit A, Complaint, SubExhibit N, March 26, 2019 Email from Nathan Coyle to Benjamin Cohen ("*Apologies for the delay. We are planning to remit payment this week. However, we need to touch base to get on the same page regarding the amount. There seem to be a few numbers floating around. Can you chat tomorrow afternoon GMT?*").

32. Before HERE could do so, however, Plaintiff terminated the Contract.

33. I do not believe Plaintiff can show any harm if the Defendants are permitted to proceed and defend this case on the merits.

Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury that the foregoing is true and correct. Executed in Miami, Florida, on June 19, 2020.

_____
ADAM LEVIN