UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
PINKNEWS MEDIA GROUP LTD.,

                Plaintiff,

-against-

HERE PUBLISHING INC. d/b/a PRIDE MEDIA,
OREVA CAPITAL CORP., ADAM LEVIN, and
DOES 1–50,

                Defendants.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:   3/30/2021
```

19 Civ. 5609 (AT)

**ORDER**

ANALISA TORRES, District Judge:

Defendants, Here Publishing Inc. d/b/a Pride Media ("Here Publishing"), Oreva Capital Corp. ("Oreva"), and Adam Levin ("Levin"), move to vacate the entry of a certificate of default entered against them for failure to appear in this action. Def. Mot, ECF No. 35. Defendants also move to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(5). *Id*. For the reasons stated below, the motion to vacate the entry of the certificate of default is GRANTED, and the motion to dismiss the complaint is DENIED without prejudice to renewal.

## BACKGROUND

Plaintiff, an "international LGBT+ media company," brings suit against Defendants, alleging breach of an advertising agreement it entered into with Here Publishing. Compl. ¶ 1, ECF No. 1. On November 8, 2019, the Clerk of Court entered certificates of default against Defendants Here Publishing, Oreva, and Levin. ECF Nos. 22–24. On November 22, 2019, Plaintiff moved for a default judgment under Federal Rule of Civil Procedure 55 against Defendants Here Publishing, Oreva, and Levin. ECF No. 25. On February 27, 2020, the Court issued an order to show cause why a default judgment should not issue against these Defendants at a hearing scheduled for May 20, 2020. ECF No. 26. On May 19, 2020, the Court issued an amended order to show cause in light of the COVID-19 pandemic, adjourning the hearing and determining that it would resolve Plaintiff's

motion for a default judgment on the papers. ECF No. 30. On June 10, 2020, Plaintiff's counsel filed an affidavit attesting that the following documents were served on Defendants via Federal Express and e-mail: (1) the amended order to show cause, and (2) the supporting papers at ECF No. 25. ECF No. 31. On June 17, 2020, Defendants' counsel filed a notice of appearance in this action. ECF No. 32. On June 19, 2020, Defendants moved to vacate the entry of default, and moved to dismiss the complaint for lack of jurisdiction and insufficient process, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(5). Fed. R. Civ. P. 12(b)(1), (5); Def Mot.

## DISCUSSION

I. <u>Legal Standard</u>

"Under Rule 55(a) of the Federal Rules of Civil Procedure, 'when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . ., the clerk must enter the party's default.' The entry of default is therefore not discretionary." *Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 186 (2d Cir. 2015) (alteration omitted) (quoting Fed. R. Civ. P. 55(a)). Once default is entered, Rule 55(c) provides that "[t]he court may set aside an entry of default for good cause." The standard for good cause "requires a court to weigh (1) the willfulness of default, (2) the existence of any meritorious defenses, and (3) prejudice to the non-defaulting party." *Guggenheim Capital, LLC v. Birnbaum*, 722 F.3d 444, 455 (2d Cir. 2013).

  A. Willfulness

The course of this litigation demonstrates that Defendants' default was willful. The Second Circuit has "interpreted 'willfulness,' in the context of a default, to refer to conduct that is more than merely negligent or careless, but is instead egregious and not satisfactorily explained." *Bricklayers*, 779 F.3d at 186 (internal quotation marks, alteration, and citation omitted). Default is willful where defendants demonstrate "a clear pattern of willful and deliberate disregard for the litigation." *Id.* at

187.  This standard is satisfied where a defendant "received the complaint, the court's orders, [and] the notice of default judgment," but does not respond, and does not show "that his non-compliance was due to circumstances beyond his control."  *Guggenheim Capital*, 722 F.3d at 455.

Defendants here have demonstrated a deliberate disregard for the litigation, both before and after the entry of default.  Defendants contend that they were not properly served with the complaint in June and July 2019.  Def. Mem. at 12–13, ECF No. 36.  Levin, the chairman of Here Publishing and managing director of Oreva, attests that he did not become aware of the litigation until late March or early April 2020.  Levin Decl. ¶ 3, ECF No. 40.  He did not, however, appear in this action until June 2020.  *Id*.  He argues that due to a miscommunication between staff members, and because of the COVID-19 pandemic, the lawsuit was never brought to counsel's attention, and thus resulted in at least two more months of delay.  *Id*.

The Court agrees with Plaintiff that Levin's account strains credulity.  Plaintiff's counsel submits emails he exchanged with Levin in June 2019, including emails which touch on the settlement of this action.[1]  Cohen Decl. ¶ 2, ECF No 42-1; *see also Hunter v. Shanghai Huanhzhou Elec. Appliance Mfg. Co.*, No. 17 Civ. 52, 2020 WL 7186792, at *7 (N.D.N.Y. Dec. 7, 2020) ("[A] motion for default judgment may be granted based on 'the factual allegations in the complaint, combined with uncontroverted documentary evidence submitted by plaintiffs' with their motion.").  The complaint alleges that the dispute between the parties garnered media attention before the action was filed.  Compl. ¶¶ 36–37, ECF No. 3.  And, several media outlets have covered the lawsuit since

---

[1] Federal Rule of Evidence 408 provides that "conduct or statements made during compromise negotiations" are "not admissible . . . to prove or disprove the validity or amount of a disputed claim."  Fed. R. Evid. 408.  However, "the court may admit this evidence for another purpose."  *Id*.  Here, the Court takes notice of the documentary evidence submitted by Plaintiff to show Levin's awareness of the lawsuit.  *PRL USA Holdings, Inc. v. U.S. Polo Assoc.*, 520 F.3d 109, 114 (2d Cir. 2008) ("The exception clearly intends to exempt from the absolute prohibition of the Rule evidence focused on issues different from the elements of the primary claim in dispute.").

3

then, with at least one reporting on the filing of the action as early as June 2019.[2]  Cohen Decl. ¶ 3.  The Court concludes, therefore, that Defendants' default is plainly willful.

> B.  Meritorious Defense

Nevertheless, Defendants present a meritorious defense.  "Whether a defense is meritorious is measured not by whether there is a likelihood that it will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense."  *State St. Bank & Tr. Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 167 (2d Cir. 2004) (internal quotation marks and citation omitted).  "[A] defendant must present more than conclusory denials when attempting to show the existence of a meritorious defense."  *Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, 173 (2d Cir. 2001).  This is not a demanding standard, and Defendants are not required to show a likelihood of success on their defense.  But they must "articulate a defense with a degree of specificity which directly relates that defense to the allegations set forth in the plaintiff's pleadings and raises a 'serious question' as to the validity of those allegations."  *Sea Hope Navigation Inc. v. Novel Commodities SA*, 978 F. Supp. 2d 333, 339 (S.D.N.Y. 2013) (internal citation omitted).

Defendants argue that their defense is meritorious because (1) Plaintiff cannot meet the elements of fraud based on Defendants' statements of future conduct, (2) for the same reason, Plaintiff cannot demonstrate the elements of negligent misrepresentation, (3) Plaintiff's implied covenant of good faith and fair dealing claim, its good faith and fair dealing claim, and its conversion claim are duplicative of its breach of contract claim, and (4) Plaintiff's breach of contract claim is in dispute because damages are limited by the terms of the contract and Plaintiff may not have performed its obligations under the contract.  Def. Mem. at 19.

---

[2] A court may also take judicial notice of news articles discussing the conduct raised in the complaint.  *See In re Salomon Analyst Winstar Litig.,* No. 02 Civ. 6171, 2006 WL 510526, at *4 (S.D.N.Y. Feb. 28, 2006).

Plaintiff argues only that Defendants have not raise meritorious defenses to Plaintiff's fraud and breach of contract claims. Pl. Reply at 5–7, ECF No. 42. The Court disagrees. "The elements of a fraud claim under New York law are: (1) a material misrepresentation of a fact, (2) knowledge of its falsity, (3) an intent to induce reliance, (4) justifiable reliance by the plaintiff, and (5) damages." *BankUnited, N.A. v. Blue Wolf Investments, LLC*, No. 18 Civ. 8196, 2019 WL 3416084, at *4 (S.D.N.Y. July 1, 2019), *report and recommendation adopted,* No. 18 Civ. 8196, 2019 WL 3409398 (S.D.N.Y. July 26, 2019). Defendants contend that Plaintiff's fraud claim fails because it is duplicative of the breach of contract claim, and that allegations premised on future conduct are not actionable under New York law. These arguments may serve as defenses to Plaintiff's claims. *Great Earth Int'l Franchising Corp. v. Milks Dev.*, 311 F. Supp. 2d 419, 431 (S.D.N.Y. 2004); *Nat'l Westminster Bank, U.S.A. v. Ross*, 130 B.R. 656, 664 (S.D.N.Y. 1991); *Cohen v. Koenig*, 25 F.3d 1168, 1172 (2d Cir. 1994).

The elements of a New York breach of contract claim are: (1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of contract by the defendant, and (4) damages. *BankUnited, N.A.*, 2019 WL 3416084, at *4. Defendants' argument that Plaintiff failed to adequately perform its obligations under the contract may establish a meritorious defense to this claim. *See FedEx TechConnect, Inc. v. OTI, Inc.*, No. 12 Civ. 1674, 2013 WL 5405699, at *9 n.9. Thus, the Court finds that Defendants have alleged meritorious defenses to Plaintiff's claims.

    C. Prejudice

In addition, the Court finds that there is not sufficient prejudice to warrant denying the motion to vacate the entry of default. The Court must consider whether doing so will cause the non-defaulting party prejudice. "[D]elay as the sole resulting prejudice to the non-defaulting party is not sufficient to militate against vacating a default judgment." *Willis v. Landamerica Onestop, Inc*., No. 07 Civ. 3646, 2009 WL 2474624, at *3 (S.D.N.Y. Aug. 13, 2009) (citing *Davis v. Musler*, 713 F.2d

5

907, 916 (2d Cir. 1983)).  By contrast, "delay that results in the loss of evidence, creates increased difficulties of discovery, or provides a greater opportunity for fraud and collusion, may be sufficient." *Id*. (internal quotation marks and alterations omitted).

Plaintiff does not contend that Defendants' delay in appearing in this action will result in prejudice.  Rather, Plaintiff argues that it will suffer prejudice because of Defendants' willingness to make "false statements to the Court" and failure to maintain its accounts in good standing.  Pl. Reply at 7–8.  These concerns do not justify denial of Defendants' motion to vacate the entry of default.  *Davis*, 713 F.2d at 916 ("[T]he extreme sanction of a default judgment must remain a weapon of last, rather than first, resort." (internal citation omitted)).

## CONCLUSION

Accordingly, Defendants' motion to vacate the entry of default is GRANTED.  Defendants' motion to dismiss the complaint is DENIED without prejudice to renewal.  By **April 20, 2021**, Defendants shall file any pre-motion letters if they wish to move to dismiss Plaintiff's complaint, in accordance with the Court's Individual Rules of Practice in Civil Cases.

The Clerk of Court is directed to terminate the motion at ECF No. 35.

SO ORDERED.

Dated: March 30, 2021
   New York, New York

_____
ANALISA TORRES
United States District Judge